CLARE A. BENEDICT, Respondent, *v.* MILTON T. RICHARDSON Appellant.

*Commission to examine witnesses in another State — deposition taken after the return of the commission.*

When a commission, issued out of the Supreme Court of the State of New York, to take the depositions of witnesses in another State upon interrogatories, has been returned with the depositions of some of the witnesses named therein attached thereto, and filed with the clerk, the commissioner to whom it was issued has no power, without further authority being conferred upon him, to thereafter take the deposition of another witness named in the commission.

If such a deposition is taken, after the return of the commission, it may properly be suppressed under section 910 of the Code of Civil Procedure, on the ground that it was improperly and irregularly taken.

APPEAL by the defendant, Milton T. Richardson, from an order of the Monroe Special Term granted October 31, 1892, suppressing a deposition of one Emma C. Benedict, the wife of the plaintiff, purporting to have been taken in Chicago under the authority of a commission issued to one John K. Prindiville.

*C. Doremus,* for the appellant.

*Abraham Benedict,* for the respondent.

MACOMBER, J. :

By stipulation an order was made, at the instance of the defendant's counsel, in June, 1891, directing that a commission issue to a person named in Chicago, to take the depositions of nine witnesses, one of whom was Emma C. Benedict, upon interrogatories annexed to the commission. A commission in pursuance of such order having been issued, the commissioner proceeded to take evidence in Chicago, and did actually take the depositions of six witnesses, but not that of Emma C. Benedict. These depositions were returned with the original commission, and properly filed with the clerk of Monroe county on the 21st day of September, 1891. Subsequently, and without any further authority conferred upon the commissioner, the latter proceeded, on the 31st day of May, 1892, to take the deposition of Emma C. Benedict. It does not appear clearly when such deposition was filed.

The order suppressing this deposition under section 910, upon the ground that it was improperly and irregularly taken, was correct and should be affirmed. When the commissioner returned his original commission, in pursuance of the directions contained therein, and the same was filed with the county clerk of Monroe county, the proper custodian thereof, he no longer possessed any power to act as a commissioner to take the testimony outside of the State of New York to be used in this State.

We do not think that *laches* can be imputed to the plaintiff in not making this motion earlier ; for it does not appear distinctly when the deposition so irregularly taken was filed with the county clerk. But the motion was made before any term of the court at which the case might have been tried, and consequently the defendant could not be prejudiced by the brief delay.

The order appealed from should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.